UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA LARKIN,

    Plaintiff,

v().                                          Case No. 8:20-cv-951-T-60CPT

GLAXOSMITHKLINE, LLC, a foreign
limited liability company,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for a More Definite Statement and Incorporated Memorandum of Law in Support Thereof," filed by counsel on August 17, 2020. (Doc. 24). On August 31, 2020, Plaintiff Brenda Larkin filed her response in opposition to the motion. (Doc. 27). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Plaintiff Brenda Larkin is a former sales representative of Defendant GlaxoSmithKline, LLC ("GSK") and/or its subsidiary GlaxoSmithKline

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Pharmaceuticals, Ltd., where she worked from March 2000 until May 24, 2016. According to Plaintiff, over the course of several years, she was subjected to sex-based discrimination and harassment from her supervisor, Jack Jones. Plaintiff details several incidents that occurred between 2014 and 2016, including: being denied a lateral transfer, being singled out during staff meetings, being criticized for conduct that male co-workers were not criticized for and directed to do, being denied additional duties and opportunities for advancement, and being questioned about her personal life. Plaintiff found Jones's conduct to be inappropriate and offensive, and she believed that she had no choice but to resign.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal

sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

On April 24, 2020, Plaintiff filed her lawsuit against GSK. She asserts two claims under the Florida Civil Rights Act of 1992 ("FCRA"):[2] FCRA Hostile Work Environment Sexual Harassment (Count I) and FCRA Tangible Employment Action Sexual Harassment (Count II). GSK has moved to dismiss the amended complaint, arguing several grounds for relief.

### *Statute of Limitations*

In its motion, GSK argues that most of Plaintiff's claims are barred by the statute of limitations. Specifically, GSK contends that many of the discrete acts identified by Plaintiff in her amended complaint occurred more than four years prior to the filing of the instant suit, with the exception of her alleged constructive discharge.

Under Florida law, a plaintiff must file her FCRA claims within four years of the date the claims accrued. *See, e.g.*, *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (citing *Seale v. EMSA Corr. Care, Inc.*, 767 So. 2d 1188, 1189 (Fla. 2000)). However, a plaintiff can avoid the harsh consequences of the limitations period by showing an employment practice that constitutes a continuing violation. *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 796 (11th Cir. 1992). Even though

---

[2] Because the FCRA is patterned after Title VII, federal caselaw addressing Title VII claims also applies to FCRA claims. *See, e.g.*, *Kelly v. K.D. Const. of Florida, Inc.*, 866 F. Supp. 1406, 1411 (S.D. Fla. 1994).

the "precise contours and theoretical bases" of the continuing violation theory are unclear at best, "there is general agreement that it relieves a plaintiff of the burden that all actionable conduct must have occurred within [the limitations period], so long as the complaint is timely as to the last occurrence." *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1570 (11th Cir. 1987) (internal quotation and citation omitted).

The Court finds that, under a continuing violation theory, Plaintiff's claims are not time-barred. Viewing the facts in light most favorable to Plaintiff, as the Court is required to do at this stage of the proceedings, there is at least a factual issue as to whether the conduct alleged by Plaintiff constitutes a continuing violation where the last known act – her alleged constructive discharge – occurred on May 24, 2016. Consequently, the motion to dismiss is denied as to this ground.

*Administrative Remedies*

GSK additionally argues that Counts I and II should be dismissed because Plaintiff has failed to exhaust her administrative remedies. GSK generally asserts that because the crux of Plaintiff's EEOC charge was sex discrimination rather than sexual harassment or hostile work environment, she has failed to exhaust her administrative remedies.

As a prerequisite to bringing claims under the FCRA, a plaintiff must timely file a charge of discrimination. The Eleventh Circuit has held that "a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Georgia Dept. of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cty.*,

*Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).  However, courts are "extremely reluctant" to preclude discrimination claims due to procedural technicalities.  *See id.*

In her EEOC charge, Plaintiff indicated that the charge was based on sex discrimination that occurred from April 1, 2014, until May 24, 2016.  The particulars of the claim include that Plaintiff believed that she and other women were being treated differently than their male colleagues by their supervisor, Jones.  The events detailed in the charge appear to be the same events detailed in the amended complaint.  It is clear to the Court that a reasonable EEOC investigation would likely have included investigation into each of these incidents even if Plaintiff referred to sex discrimination rather than sexual harassment in her charge.  *See Gregory*, 355 F.3d at 1280 (holding district court did not err in finding that retaliation claim was not precluded where facts alleged could have "reasonably been extended to encompass a claim . . . because they were inextricably intertwined with [plaintiff's] complaints of race and sex discrimination.").  As such, the motion to dismiss based on the failure to exhaust administrative remedies is due to be denied.

*Rule 8*

GSK further argues that Plaintiff has failed to sufficiently plead facts to support her claims of sexual harassment in Counts I and II.  "Generally, sexual harassment comes in two forms: harassment that does not result in a tangible employment action (traditionally referred to as 'hostile work environment' harassment'), and harassment that does result in a tangible employment action (traditionally referred to as 'quid pro quo' harassment)."  *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508 (11th Cir. 2000) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760-63

(1998)). The distinction between these types of claims is important due to the affirmative defenses that may be available to a corporate defendant, among other things. *See, e.g., id.*

To establish sexual harassment, a plaintiff must demonstrate: "(1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on [her sex] …; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." *Id.*

<u>Count I (FCRA Hostile Work Environment Sexual Harassment)</u>

In Count I, Plaintiff asserts a hostile work environment harassment claim. However, she does not allege that she has been subject to unwelcome sexual advances, requests for sexual favors, or other inappropriate conduct. Instead, she appears to only allege conduct that could be potentially be considered discriminatory.

In addition, Plaintiff does not sufficiently allege facts to show that the alleged harassment is objectively severe and pervasive. "In assessing whether harassment is objectively severe and pervasive, courts typically look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening and humiliating or just a mere utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)).

In this case, although Plaintiff describes several incidents that occurred between April 2014 and May 24, 2016, she fails to provide sufficient information to establish the frequency of the conduct by failing to include more specific dates. She fails to allege facts to establish the required degree of severity to support a hostile work environment claim. Plaintiff does not allege or show whether the incidents were physically threatening and humiliating or just a mere utterance. And, beyond a conclusory statement, Plaintiff does not provide sufficient facts to show that the conduct unreasonably interfered with her work performance. As such, the Court concludes that Plaintiff has failed to meet the pleading requirements of Rule 8. The motion to dismiss is therefore due to be granted on this ground, and Count I is dismissed without prejudice, with leave to amend.

Count II (FCRA Tangible Employment Action Sexual Harassment)

In Count II, Plaintiff asserts a tangible employment action claim based on sexual harassment. However, as the Court previously explained, Plaintiff does not allege any conduct that would constitute harassment, such as unwanted sexual advances or requests for sexual favors. Instead, she appears to only allege conduct that could be potentially be considered discriminatory. Although "a victim need not provide evidence of a direct and express sexual demand to make a claim under the tangible employment action analysis," a plaintiff pursuing an adverse tangible employment action claim based on sexual harassment needs to provide sufficient facts that would allow inferences to be drawn. *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1312 (11th Cir. 2001) (internal quotation and citation omitted). Consequently, the Court concludes that Plaintiff has failed to meet the pleading

requirements of Rule 8.  The motion to dismiss is therefore due to be granted on this ground, and Count II is dismissed without prejudice, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for a More Definite Statement and Incorporated Memorandum of Law in Support Thereof" (Doc. 24) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that Counts I and II are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(3) The motion is otherwise **DENIED**.

(4) Plaintiff is **DIRECTED** to file an amended complaint to correct the deficiencies identified in this Order on or before December 4, 2020.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**